UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAITLYN MARTIN,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

Case No. 1:24-cv-931

Hon. Hala Y. Jarbou

## **ORDER**

Plaintiff Caitlyn Martin filed this action under 42 U.S.C. § 405(g) seeking judicial review of the Commissioner of Social Security's decision denying her supplemental social security income benefits ("SSI") for a disability. Before the Court is the magistrate judge's report and recommendation ("R&R") that the Court affirm the Commissioner's decision (ECF No. 16). Also before the Court are Plaintiff's objections to the R&R (ECF No. 17). For the reasons discussed herein, the Court will overrule Plaintiff's objections and adopt the R&R. The Court will affirm the Commissioner's decision.

Under Rule 72 of the Federal Rules of Civil Procedure,

> the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Under 42 U.S.C. § 405(g), the Court's "review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010). "Substantial

evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)). "If the Commissioner's decision is based on substantial evidence, [the court] must affirm, even if substantial evidence exists in the record supporting a different conclusion." *Id.*

As part of its review, the Court evaluates whether the administrative law judge ("ALJ") provided sufficient explanation for their decision in accordance with relevant regulations. "An ALJ's failure to follow agency rules and regulations 'denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'" *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011) (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir. 2009)).

As discussed in the R&R, the ALJ determined that Plaintiff had the following residual functional capacity ("RFC"):

> I find that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: can understand, remember, and carry out simple instructions; Perform simple, routine, and repetitive tasks but not at a production rate pace such as an assembly line or work requiring hourly production quotas; can occasionally adapt to changes in routine job duties; can use judgment to make simple, work-related decisions; can interact occasionally with supervisors and coworkers and never with the public.

(Admin. R., ECF No. 5-2, PageID.35.) Based on this capacity and Plaintiff's age, education, and work experience, the ALJ determined that Plaintiff could perform a significant number of jobs in the national economy. (*Id.*, PageID.42.)

Plaintiff first objects that the magistrate judge improperly characterized the RFC. The magistrate judge quoted the RFC from the record, but when responding to one of Plaintiff's arguments, the magistrate judge stated the following:

> Here, plaintiff construes the RFC as indicating that she can maintain concentration, persistence or pace (stay on task) at least 15% of the work day, that she will have no more than 2 absences a month on an ongoing basis, and that she can interact

2

      with coworkers and supervisors up to 1/3 of the workday. The findings referenced by plaintiff are not set forth in the RFC determination. As discussed, ALJ's RFC limits plaintiff: to performing simple, routine, and repetitive tasks, without a production rate pace; making simple, work-related decisions; and, interacting occasionally with supervisors and coworkers but never with the public.

(R&R 10.)

Plaintiff objects to the magistrate judge's assertion that "[t]he findings referenced by plaintiff are not set forth in the RFC determination." (*See id.*) Plaintiff correctly notes that under SSA regulations, "occasionally" means up to one third of the workday. *See* SSR 83-10 (S.S.A. 1983). Thus, to the extent she asserts the RFC indicates she can interact with supervisors and coworkers up to one third of the workday, she is correct. It was error for the magistrate judge to suggest otherwise. Nevertheless, the error was harmless because the vocational expert ("VE") considered that limitation and determined that Plaintiff would be able to perform a significant number of available jobs in the national economy. (*See* Admin. R., ECF No. 5-2, PageID.75.)

Similarly, Plaintiff objects that she properly construed the RFC as finding that she can maintain concentration and remain on task for at least 85 percent of the workday and that she can be absent from work no more than twice per month. The magistrate judge concluded that these findings are not part of the RFC. However, "[a]n applicant's 'RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis, and the RFC assessment must include a discussion of the individual's abilities on that basis.'" *Turner v. Comm'r of Soc. Sec.*, No. 20-6422, 2021 WL 6275633, at *2 (6th Cir. 2021) (quoting SSR 96-8p, 1996 WL 374184, at *2). "A 'regular and continuing basis' means that the applicant can work for '8 hours a day, for 5 days a week, or an equivalent work schedule.'" *Id.*

Here, the ALJ concluded that Plaintiff could perform certain jobs in the national economy after questioning the vocational expert ("VE") whether being absent two days a month or being

3

off task 15 percent of the workday due to Plaintiff's symptoms would preclude Plaintiff from performing those jobs. (Admin. R., PageID.75-76.) The VE said Plaintiff would likely lose her job in those scenarios. (*Id.*) By adopting the RFC and concluding that jobs were available to Plaintiff, the ALJ *implicitly* concluded that Plaintiff could remain on task for at least 85 percent of the workday and could attend work with no more than two absences per month due to her condition. The magistrate erred by suggesting otherwise.

Nevertheless, the magistrate judge's error was harmless because Plaintiff points to no specific evidence that she is unable to maintain attendance or to stay on task for less than 85 percent of the workday due to her condition. *See Wilson v. Comm'r of Soc. Sec.*, No. 4:23-CV-31-JEM, 2024 WL 4181783, at *5 (E.D. Tenn. Sept. 12, 2024) (declining to remand where "Plaintiff does not cite to any evidence in the record that found Plaintiff requires off-task time or absenteeism."); *see also Chicora v. Comm'r of Soc. Sec.*, 852 F. App'x 968, 972 (6th Cir. 2021) (noting it is the claimant's burden to prove her RFC). Moreover, substantial evidence supports the opposite conclusion. Plaintiff herself testified to the ALJ that she could perform a simple job like sorting a box of parts and that "maybe" she could do it for eight hours a day. (Admin. R., PageID.68.) The ALJ noted that some medical providers reported her attention and concentration as being "within normal limits." (*Id.*, PageID.40.) Also, Plaintiff is able to perform complex tasks like selling clothes online and mailing them to purchasers, she is able to live independently and to complete most of the activities of daily living independently, and she can manage her own benefits. (*Id.*) By contrast, much of Plaintiff's evidence regarding her limitations came from her treating psychologist, Dr. Schinagle, whose opinions the ALJ reasonably determined were not persuasive. (*See* R&R 6-9.) Thus, the Court discerns no error in the outcome recommended by the R&R.

Accordingly, for the reasons herein and in the R&R,

4

**IT IS ORDERED** that Plaintiff's objections (ECF No. 13) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 12) is **APPROVED** and **ADOPTED IN PART** as the opinion of the Court.  The R&R is **REJECTED** only insofar as it states that certain findings referenced by Plaintiff are not set forth in the RFC determination.  (*See* R&R 10.)  Those findings are implicitly part of the RFC determination.  The R&R is adopted in all other respects.

A judgment will enter in accordance with this Order.


Dated: September 9, 2025                          /s/ Hala Y. Jarbou
                                                                    HALA Y. JARBOU
                                                                    CHIEF UNITED STATES DISTRICT JUDGE